UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| STEELE BRAY, individually, and on behalf of other similarly situated consumers,<br><br>Plaintiff,<br><br>vs.<br><br>SANTANDER CONSUMER USA, INC.; EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS INC.,<br><br>Defendants. | Case No.:<br><br>COMPLAINT |

Plaintiff Steele Bray hereby alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* (hereinafter "FCRA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

3. Venue is proper in this district under 28 U.S.C §1391(b).

## PARTIES

4. Plaintiff is a natural person who at all relevant times has resided in Norwalk, Connecticut.

5. Santander Consumer USA, Inc. (hereinafter "Santander" or "Defendant") is a corporation doing business in the State of Connecticut, with its corporate headquarters located at 1601 Elm Street, Suite 800, Dallas, Texas 75201. Santander regularly and in the ordinary course of business

furnishes information to various consumer reporting agencies regarding Santander's transactions with consumers, and is a "furnisher" of information as contemplated by FCRA § 1681s-2(a) & (b).

6.      Defendant, Equifax Information Services, LLC ("Equifax"), is a business entity that regularly conducts business in Connecticut with its principal place of business located at 1550 Peachtree Street NW, Atlanta, Georgia 30309. Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(F) and engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681 a(d), to third parties.

7.      Defendant Experian Information Solutions, Inc. ("Experian") is a business entity that regularly conducts business in Connecticut with its principal place of business as 475 Anton Blvd. Costa Mesa, California 92626. Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f) and engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681 a(d), to third parties.

## FACTUAL STATEMENT

8.      On a date better known by Defendants, Plaintiff obtained a mortgage loan from Santander, with account number 17686****.

9.      Account number 17686**** appears twice on Plaintiff's Equifax report.

10.     Also on a date better known by Defendants, Plaintiff obtained another mortgage loan from Santander, with account number 6174069606740****.

11.     Account number 61740696606740**** appears twice on Plaintiff's Experian and Equifax credit reports.

12. Plaintiff disputed the duplicate trade lines with all three major credit reporting agencies on or about October 20, 2018. The credit reporting agencies forwarded Plaintiff's disputes to Santander.

13. After receiving these disputes, Santander failed to conduct a reasonable investigation and verified the information as accurate.

14. Equifax and Experian also failed to conduct a reasonable investigation into Plaintiff's dispute and failed to maintain reasonable procedures to prevent duplicate accounts from repeatedly hurting the credit scores of consumers.

15. This inaccuracy severely impacts Plaintiff's debt-to-income ratio and misleads potential creditors. A high debt-to-income ratio is a significant factor that future creditors evaluate. *See* Consumer Finance Protection Bureau website at https://www.consumerfinance.gov/ask-cfpb/what-is-a-debt-to-income-ratio-why-is-the-43-debt-to-income-ratio-important-en-1791/.

16. Further, each negative item on a credit report hurts the credit score. Therefore, reporting a negative item twice, hurts the credit score more than one credit entry alone.

## CLASS ACTION ALLEGATIONS

### The Class

17. Plaintiff brings this as a class action pursuant to Fed. R. Civ. P. 23. Plaintiff seeks to represent a class for purposes of liability and statutory damages only. Plaintiff does not seek actual damages for the classes.

18. Plaintiff seeks certification of the following classes, initially defined as follows:

> Class A: All natural persons residing within the United States, beginning five years prior to the filing of this Complaint, whose Equifax and Experian credit reports contained a duplicate Santander trade line.

Subclass A: All natural persons residing in the State of Connecticut, beginning five years prior to the filing of this Complaint, whose Equifax and Experian credit reports contained a duplicate Santander trade line.

### Numerosity

19. Upon information and belief, Equifax and Experian credit reports contained a duplicate Santander trade line for hundreds, if not thousands, of credit reports for consumers, each of which violates the FCRA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

20. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from the records of Equifax, Experian, and Santander. This class is particularly ascertainable given the fact that the nature of the claim is obvious on the face of any credit report.

### Common Questions of Law and Fact

21. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Equifax, Experian, and Santander violated various provisions of the FCRA; (ii) whether the Plaintiff and the Classes have been injured by the conduct of Equifax, Experian, and Santander; (iii) whether the Plaintiff and the Classes have sustained damages and are entitled to restitution as a result of Equifax, Experian, and Santander's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether the Plaintiff and the Classes are entitled to declaratory and/or injunctive relief.

### Typicality

22. The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Classes defined in this complaint have claims arising out of the common uniform course of conduct complained of herein: Plaintiff and each member of the class have duplicate Santander credit entries on their credit files. Accordingly, Plaintiff's claims are typical of the claims of the Classes, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Classes.

### Protecting the Interests of the Class Members

23. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

24. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

### Proceeding Via Class Action is Superior and Advisable

25. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.

26. The members of the Classes are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

27. Prosecution of separate actions by individual members of the Classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

28. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that the questions of law and fact common to members of the Plaintiff's Classes

predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

29.     Certification of a class under Rule 23(b)(1) of the Federal Rules of Civil Procedure is appropriate in that prosecuting separate actions against any of the named Defendants concerning their failure to maintain adequate policies to comply with the FCRA could result in inconsistent or varying adjudications with respect to individual class members, and would result in adjudications that would impair or impede their ability to protect their interests.

30.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

31.     A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

32.     Absent a class action, the members of the Classes will continue to suffer losses borne from Equifax, Experian, and Santander's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling Equifax, Experian, and Santander's conduct to proceed and harm consumers.

33.     Equifax, Experian, and Santander have acted, and will act, on grounds generally applicable to the Classes, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Classes as a whole.

**COUNT I**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**BY SANTANDER CONSUMER USA, INC.**

34. Plaintiff repeats, re-alleges, and reasserts the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

35. At all times pertinent hereto, Santander was a "person" as that term is used and defined under 15 U.S.C. § 1681a.

36. Santander willfully and negligently supplied the credit reporting agencies with information about Plaintiff that was false, misleading, and inaccurate.

37. After receiving notice of Plaintiff's dispute, Santander willfully and negligently failed to conduct a reasonable investigation of the inaccurate information that Plaintiff disputed, and continued reporting the inaccurate information to the credit reporting agencies.

38. By failing to conduct a reasonable investigation into Plaintiff's disputes, Santander negligently violated § 1681s-2(b).

39. Alternatively, by willfully failing to conduct a reasonable investigation Santander willfully violated § 1681s-2(b).

40. As a direct and proximate result of Santander's willful and/or negligent refusal to comply with the FCRA as described herein, Plaintiff has suffered loss and damage including, but not limited to: financial loss, loss of creditworthiness, loss of credit opportunity, damage to reputation, expenditure of significant time, energy and out-of-pocket costs, distress, mental anguish, worry, frustration, fear and embarrassment.

## COUNT II
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## AS TO EQUIFAX

41. Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

42. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

43. Equifax negligently and willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

44. Specifically, by allowing the same creditor to report multiple trade lines for the same debt, Equifax has failed to maintain reasonable procedures.

45. Equifax negligently and willfully failed to reinvestigate Plaintiff's disputes in violation of 15 U.S.C. § 1681i. Had it done so, it would have stopped reporting the same debt multiple times.

46. Equifax's conduct, action and inaction was willful, rendering each liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, Equifax was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

## COUNT III
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## AS TO EXPERIAN

47. Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

48. Defendant Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

49. Experian negligently and willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

50. Specifically, by allowing the same creditor to report multiple trade lines for the same debt, Experian has failed to maintain reasonable procedures.

51. Experian negligently and willfully failed to reinvestigate Plaintiff's disputes in violation of 15 U.S.C. § 1681i. Had it done so, it would have stopped reporting the same debt multiple times.

52. Experian's conduct, action and inaction was willful, rendering each liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, Experian was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

WHEREFORE, PLAINTIFF PRAYS that this court grant her a judgment against Defendants for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and attorney's fees.

## JURY TRIAL DEMAND

53. Plaintiff demands a jury trial on all issues so triable.

Dated this 7th of November 2019.

Respectfully Submitted,

/S/ Daniel Zemel, Esq.
Daniel Zemel
**Zemel Law LLC**
1373 Broad St., Suite 203-C
Clifton, New Jersey 07013
(P) (862) 227-3106
dz@zemellawllc.com
Attorney for Plaintiff